UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOY BROCK, as Personal Representative of the
Estate of RICHARD BROCK, deceased,

    Plaintiff,                                        CASE NO.:

vs.

THE UNITED STATES OF AMERICA,

    Defendant.
_____/

## COMPLAINT

Plaintiff, Joy Brock, as Personal Representative of the Estate of Richard Brock, deceased, sues Defendant United States of America and alleges:

1.    This is an action for damages in excess of $75,000.00, exclusive of interest and costs.

2.    The United States of America is a Defendant in this action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and § 2671, *et. seq.*

3.    Plaintiff, Joy Brock, is a resident of Jacksonville, Duval County, Florida and the events or omissions giving rise to this claim occurred in Jacksonville, Duval County, Florida.

4.    At all times material, Joy Brock was married to and living with Richard Brock as residents of Jacksonville, Duval County, Florida. This Court has

jurisdiction over this cause and venue is proper in the Middle District of Florida, Jacksonville Division, because all the acts and circumstances giving rise to this cause of action occurred in Jacksonville, Duval County, Florida.

5. At all times material, Naval Hospital Jacksonville, located at 2080 Child Street, Jacksonville, Duval County, Florida, was owned and operated by Defendant United States of America, and had a duty to provide reasonable and appropriate medical care to Richard Brock.

6. At all times material, Naval Hospital Jacksonville held itself out as being a full-service hospital able to provide proper medical, surgical, nursing, diagnostic, and other medical services necessary to properly evaluate, diagnose, and treat patients such as Richard Brock.

7. At all times material, the medical and nursing staff at Naval Hospital Jacksonville, including but not limited to Karen Frey Elgin, M.D., were employed by Defendant and acting within the course and scope of their employment with Defendant.

8. Pursuant to Florida Statute § 766.118, Defendant United States of America is liable for the negligence of its practitioner and nonpractitioner employees.

9. Joy Brock, as Personal Representative of the Estate of Richard Brock, filed an Administrative Claim with the Office of the Judge Advocate General,

Tort Claims Unit Norfolk, Virginia on September 30, 2020, which claim was denied on March 11, 2021. Less than six months have passed since the denial of Plaintiff's Administrative Claims.

10. All of the conditions precedent for the bringing of this lawsuit have occurred or been waived.

## GENERAL ALLEGATIONS

Plaintiffs incorporate and reallege paragraphs 1 through 10 above and further allege:

11. On or about March 21, 2019, Richard Brock presented to the Family Practice White Team at Naval Hospital Jacksonville for "ER F/U" and was evaluated by Karen Frey Elgin, M.D. ("Dr. Elgin").

12. Dr. Elgin's record reflects that Mr. Brock reported he previously had 3 emergency department visits and thought it was now time for antibiotics.

13. On March 21, 2019, Mr. Brock's current medications included ibuprofen, ondasteron, and albuterol inhaler.

14. Mr. Brock further requested Dr. Elgin perform routine labs, but no labs were completed.

15. Dr. Elgin diagnosed Mr. Brock with an acute respiratory infection, unspecified, and reported it was likely viral.

3

16. Dr. Elgin prescribed "doxy for anti-inflam effect" due to the duration of Mr. Brock's symptoms.

17. Dr. Elgin prescribed benzonatate for cough, ibuprofen for pain, and the doxycycline hyclate for anti-inflammatory effect.

18. Dr. Elgin instructed Mr. Brock to wash hands regularly, provided patient education related to asthma, and advised "oral fluids frequent."

19. Dr. Elgin further instructed Mr. Brock to follow up as needed with his primary care manager and/or the Family Practice White Team clinic.

20. Dr. Elgin did order a routine comprehensive metabolic panel "for screening for lipoid disorders" but failed to order other appropriate diagnostic testing.

21. On March 29, 2019, Richard Brock died as a result of pancytopenia and sepsis.

## COUNT I

### NEGLIGENCE OF DEFENDANT UNITED STATES OF AMERICA

Plaintiff realleges and incorporates the allegations in paragraphs 1 through 21 above, and further alleges:

22. On March 21, 2019, Richard Brock presented to the Family Practice White Team at Naval Hospital Jacksonville and came under the medical care and treatment of Dr. Elgin for follow up of his upper respiratory infection.

23. On March 21, 2019, Naval Hospital Jacksonville physician Dr. Elgin did not order or obtain appropriate diagnostic testing prior to discharging Mr. Brock to home.

24. On March 29, 2019, Mr. Brock passed away as a result of pancytopenia and sepsis.

25. Defendant, by and through its medical and nursing staff at Naval Hospital Jacksonville, including but not limited to Karen Frey Elgin, M.D., breached its duty owed to Richard Brock, and was negligent as follows:

    a) Failing to provide timely and proper medical care and treatment to Richard Brock;

    b) Failing to provide timely and proper diagnostic services to Richard Brock, including but not limited to complete blood count lab work;

    c) Failing to recognize the significance and severity of Richard Brock's symptoms;

    d) Failing to recognize the signs and symptoms of infection;

    e) Failing to provide timely and proper diagnosis of Richard Brock's infection;

    f) Failing to recognize the urgency of Richard Brock's worsening condition;

  g) Failing to provide timely and proper medical intervention to treat Richard Brock's pancytopenia, including but not limited to prescribing proper medications and medical treatment;

  h) Failing to consult and/or order appropriate consults with other physicians/specialists; and,

  i) in such other ways as discovery in this case may reveal.

26. As a direct and proximate result of the negligence of Defendant United States of America, by and through its medical staff, including but not limited to Karen Frey Elgin, M.D., Richard Brock died on March 29, 2019.

27. As a further direct and proximate result of the negligence of Defendant United States of America, by and through its medical and nursing staff, including but not limited to Karen Frey Elgin, M.D., Plaintiff Joy D. Brock has suffered the loss of her husband, including the loss of his services, support, companionship, comfort, society, love, affection, solace, and loss of the enjoyment of life. She has experienced great mental pain and suffering in the past and will continue to experience great mental pain and suffering in the future.

28. As a further direct and proximate result of the negligence of Defendant United States of America, by and through its medical staff, including but not limited to Karen Frey Elgin, M.D., the Estate of Richard Brock has

experienced a loss of income, loss of net accumulations, and has incurred medical and funeral expenses.

**WHEREFORE**, Plaintiff Joy D. Brock, as Personal Representative of the Estate of Richard Brock, demands judgment for damages and costs against Defendant United States of America.

## CERTIFICATE OF GOOD FAITH

The undersigned attorney certifies that a reasonable investigation has been made as permitted by the circumstances to determine that grounds exist for a good faith belief that there has been negligence in the care and treatment of Richard Brock. The investigation gave rise to a good faith belief that grounds exist for the subject action against Defendant.

Dated this 9th day of July, 2021.

CRONIN & MAXWELL, PL

_____
Sean B. Cronin, Esquire
Florida Bar No. 146447
Michelle L. Davis, Esquire
Florida Bar No. 67913
4250 Lakeside Dr., Ste. 204
Jacksonville, Florida 32210
(904) 388-9555
(904) 388-0792 (Facsimile)
sean@croninmaxwell.com
mdavis@croninmaxwell.com
service-cm@croninmaxwell.com

Attorneys for Plaintiff

7